UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS P. HULL, #237801, )
    Plaintiff, )
) No. 1:11-cv-623
-v- )
) HONORABLE PAUL L. MALONEY
RONALD BAKER, et al., )
    Defendants. )
_____)

**OPINION AND ORDER ADOPTING IN PART, REJECTING IN PART, AND MODIFYING IN PART REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Thomas Hull, a prisoner under the control of the Michigan Department of Corrections ("MDOC"), filed a civil rights action against multiple defendants. After an initial review of the complaint, this Court dismissed a number of the claims and defendants, leaving only Defendants Ronald Baker, Djuana Lewis, and Jeffery Minnerick (collectively "Defendants").[1] (ECF Nos. 5 and 6.) On January 26, 2012, Defendants filed a motion for summary judgment. (ECF No. 17.) Hull requested, and was granted, a 90-day extension of time to file a response. (ECF Nos. 19 and 21.) In March, Hull requested, and was again granted, a second extension to time to file a response. (ECF Nos. 25 and 27.) With the extensions of time, Hull timely filed his response on June 21, 2012. (ECF No. 28.) The magistrate judge has issued a report recommending Defendants' motion for summary judgment be granted and the remaining claims be dismissed. (ECF No. 36.) Hull filed objections. (ECF No. 39.)

**LEGAL FRAMEWORK**

After being served with a report and recommendation (R&R) issued by a magistrate judge,

---

[1]Defendant Lewis's surname has since changed to "Lang." For consistency, in this Opinion, she will be referred to as "Lewis."

a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## ANALYSIS

### A. Declaratory and Injunctive Relief

The magistrate judge recommends Hull's claims for declaratory and injunctive relief be dismissed as moot. (R&R 10 PgID 422.) Hull did not object to this recommendation. This portion of the R&R is ADOPTED as the opinion of this Court. Hull's claims for declaratory and injunctive relief are dismissed as moot.

### B. Claims Against Defendants in Their Official Capacity

The magistrate judge recommends Hull's claims against Defendants in their official capacity

be dismissed because the claims are barred by the Eleventh Amendment. (R&R 10 PgID 422.) Hull does not object to this recommendation. This portion of the R&R is ADOPTED as the opinion of this Court. Hull's claims against Defendants in their official capacity are dismissed because they are barred by the Eleventh Amendment.

## C. Retaliation Claim

The magistrate judge recommends granting Defendants' motion for summary judgment and dismissing Hull's retaliation claim against Defendants in their individual capacities. Hull has filed objections to this portion of the R&R. For his specific objections, the Court has reviewed the record *de novo*.

### 1. Objection 1 - Protected Activity

Hull objects to the magistrate judge's legal conclusion that informal kites or complaints are not protected conduct. In his informal kite, (ECF No. 1-2 "2/21/08 Letter" PgID 137), Hull threatened to file a grievance if he was not called out to pick up his property, which Hull asserted had already been delivered to the facility. This Court notes the magistrate judge acknowledged that Hull filed formal written grievances, which constituted protected conduct, and also assumed for purposes of the motion that the grievances were not frivolous. (R&R 11 PgID 423.)

Hull's objection is OVERRULED. In the causes of action in his complaint, Hull does not refer to the informal kite as a basis for any claim. Instead, Hull refers only to the written grievances he filed as the basis for his claims. Furthermore, Hull does not refer to the informal kite in those written grievances. On this issue, the R&R is ADOPTED as the Court's opinion. The Sixth Circuit Court of Appeals has not recognized informal kites as protected conduct. *Compare Scott v. Kilchermann*, 230 F.3d 1359 (6th Cir. Sept. 18, 2000) (unpublished table opinion) (holding that the

threat to file a frivolous grievance was not protected conduct) *and Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("But it seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance.") (italics in original) *with Carter v. Dolce*, 647 F.Supp.2d 826, 834 (E.D. Mich. 2009) ("This Court believes that when it comes to protecting First Amendment rights, including the right to petition the government for redress, there is little difference between retaliating against a person for filing a grievance, and retaliating for threatening to file one.") The magistrate judge concluded that Hull engaged in protected conduct when he filed written grievances. Prior to the submission of the written grievance, Hull was not engaged in protected conduct.

On this point, the R&R is also MODIFIED to include this paragraph. On the record before this Court, the threatened grievance would have been frivolous and, under *Kilchermann*, would not constitute protected conduct. In the 2/21/08 letter, Hull references LRF-OP 04.02.105, pg. 5-6, No. 10, for the proposition that property staff call prisoners out to pick up property within two (2) business days when the property is received at the property room. This Court has not been able to locate the referenced document and Hull has not included the referenced document. As is explained below, Hull has not established when the property arrived at the property room. The current version of MDOC PD 04.02.105 (effective January 1, 2010) governs the distribution of prisoner funds and does not support Hull's representation. MDOC PD 04.07.112 (effective July 9, 2012) governs prisoner personal property and does not include any requirement that prisoners receive property mailed to the facility within two business days. Additionally, MDOC PD 05.03.118 (effective January 1, 2006) governs prisoner mail and provides only that "[f]acilities shall endeavor to process all incoming and outgoing mail within one business day after receipt." *Id.* § BBB.

4

**2. Objection 2 - Findings of Fact**

Hull objects to a number of the proposed findings of fact in the R&R. Generally, Hull complains that the magistrate judge did not apply the appropriate legal framework in evaluating the facts in the record. Rather than viewing facts in the light most favorable to Hull, as the nonmoving party, Hull asserts the magistrate judge resolved disputed facts in favor of Defendants. Hull also claims the magistrate judge incorrectly deferred to the factual determinations that were made during the prison's administrative hearing. The Court notes the Sixth Circuit issued a recent opinion identifying when the facts determined in an administrative hearing in a prison setting must be accepted by a court. *See Peterson v. Johnson*, –F.3d–, 2013 WL 1490082 (6th Cir. Apr. 12, 2013).

**a. Date of Informal Kite**

"On February 28, 2008, plaintiff sent a kite to Sergeant Baker stating that he had not received the items he had ordered in January." (R&R 4 PgID 416.) Hull objects explaining that the kite was dated February 21. Hull's objection is SUSTAINED. The R&R is MODIFIED to reflect that the letter to Sergeant Baker was dated February 21, not February 28. (2/21/08 Letter.) This correction does not alter the resolution of Defendants' motion.

**b. Date the Package Arrived**

"When plaintiff's package arrived, he was instructed to bring the guitar to the property room." (R&R 4 PgID 416.) Hull objects explaining that the record fails to specify exactly when the package arrived. Hull's objection is SUSTAINED. Hull is correct that the record does not establish when the package arrived. Contrary to Hull's insistence, the record does not establish that the package arrived earlier than the date on which he was instructed to bring his guitar. The only evidence in the record suggesting when the package arrived is the informal kite Hull sent to Baker

5

on February 21. That letter is an unsworn statement. The R&R is MODIFIED to state only that on February 25, 2008, Hull was directed to bring his guitar to the property room. This correction does not alter the resolution of Defendants' motion.

### c. Why Baker Confiscated the Guitar and Other Items

"Because the ownership of the red guitar and related items was in question, Baker confiscated the red guitar, including its strap and case, and issued a Property Disposition Sheet [], a Contraband Removal Record [], and a Notice of Intent to Conduct an Administrative Hearing []." (R&R 5 PgID 417.) Hull objects. Although not entirely clear, it appears that Hull claims that a reasonable jury could conclude that Baker confiscated the guitar and other items for retaliatory purposes, and not because ownership was in dispute.

Hull's objection is SUSTAINED. Without dispute, the guitar and other items were confiscated, and Hull was issued a Property Disposition Sheet, a Contraband Removal Record, and a Notice of Intent to Conduct an Administrative Hearing. It is also beyond dispute that the ownership of the guitar and related items was in dispute. Baker and Hull have offered different facts as to the origins of the guitar. In fact, the origin of the guitar was the subject of the March 25 administrative hearing conducted by Defendant Lewis. Hull disputes Baker's version of the conversation that occurred on February 25, 2008, when the guitar was confiscated. The R&R is MODIFIED to state that the reason Baker gave for confiscating the guitar, strap, and case was that the guitar's origin and ownership were in dispute. To the extent there is a factual dispute as to why Baker confiscated the guitar and related items, the dispute is not material to the resolution of Defendants' motion. As Hull had not filed any written grievance, and the threatened grievance was frivolous, he had not yet engaged in protected conduct.

6

### d.  Whether Hull Forged Proof of Ownership of the Guitar

"Defendant Lewis found that the proof of ownership plaintiff offered was a forgery.  The document, purportedly created in 1994, was written on an MDOC form that did not exist until 1996."  (R&R 7 PgID 419.)  Hull objects.  Hull argues that he personally observed the revision date on the form was September 1989.  Hull argues he was not charged with forgery and was not found guilty of any forgery charge.  Hull reasons that a jury could conclude that Lewis acted in bad faith and that her forgery conclusion was not truthful or accurate.

Hull's objection is SUSTAINED.  Defendants have offered, as evidence, the allegedly forged document, which has the revision date torn off of it.  (ECF No. 18-3 Ex. B to Lewis Aff. PgID 269.)  The R&R is MODIFIED to state that Lewis offered, as an explanation for the alleged forgery, that the version of the document offered by Hull did not exist in 1994.  Although Lewis states that the version of the document was revised in 1996, Hull states that the document had a revision date of September 1989.  For this motion, the Court must accept Hull's version of the facts.  This objection does not alter the outcome as Lewis identified a number of other reasons, which were quoted at length in the R&R, for her conclusion that the guitar was contraband.  The Court has reviewed Hull's challenge to the hearing and conclusions.  (ECF No. 28 PgID 328-32.)  Generally, Hull's challenges to Lewis's findings are conclusory assertions, supported with little more than conjecture and speculation.  Defendants have established that Lewis had sufficient reasons to uphold the confiscation of the guitar and accessories.  It necessarily follows that Defendants have established that Lewis would have taken the same action in the absence of any protected conduct.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

### e. Disposition of the Guitar as Contraband

"On April 17, 2008, Grievance No. LRF 08-03-00297 was denied. []. The Step 1 response noted that there was no basis for disturbing the result of the administrative hearing. Further, plaintiff had refused to provide the hearing officer with his choice for disposition of the contraband property. Thus, all the contraband items would be destroyed once the grievance process was exhausted." (R&R 8 PgID 420.) Hull objects. Hull insists he did not refuse to provide a disposition. Hull further explains that only the hearing officer has the power to determine the appropriate disposition of contraband. Hull concludes that a jury could conclude that Minnerick's resolution of the grievance was in bad faith.

Hull's objection is SUSTAINED. Specifically, the record indicates that Hull did not refuse to tell Lewis at the administrative hearing what should be done with the guitar. On the Administrative Hearing Report, Lewis indicated that Hull needs to be asked whether he wants the guitar mailed to someone or he wants the guitar left for someone to pick up. (ECF No. 1-1 PgID 62.) This correction, however, has no bearing on whether Minnerick's resolution of the grievance was in bad faith. Contrary to Hull's assertion, Minnerick did not dictate that the property be destroyed. This correction of the R&R does not alter the outcome of the resolution of Defendants' motion.

### f. Hearing on Rejection of Guitar Accessories Ordered by Mail

"On August 26, 2008, Lewis conducted a hearing on the mail rejection. []. Lewis found that 'Per 04.04.112 Prisoner personal property Prisoners are not allowed to possession [sic] of guitar accessories when they do not own a guitar.'" (R&R 9 PgID 421.) Hull objects. Hull argues that the resolution of the other issues may make this irrelevant. Alternatively, Hull argues that, during

8

this hearing, Lewis stated that if Hull didn't file grievances, he'd get his property. Hull also argues that he has other music equipment that was not taken.

Hull's objection is OVERRULED. The R&R accurately states the outcome of the hearing and the reasons offered by Lewis for that outcome. (ECF No. 1-2 PgID 112.)

### g. Whether Defendants Would Have Taken the Same Action

"Lewis, Minnerick, and Baker would have taken the same action regardless of any protected activity by plaintiff." (R&R 9 PgID 421) (citing the affidavits of Defendants). Hull objects. Hull insists that there exist genuine issues of material fact on the motivation of Defendants.

Hull's objection is SUSTAINED. The R&R is MODIFIED to state that Lewis, Minnerick, and Baker all allege that they would have taken the same action even if Hull had not been engaged in protected conduct.

### 3. Objection 3 - Adverse Action

"Prisoners have no right to possess contraband. Depriving plaintiff of a guitar and related items was not an action that would deter a person of ordinary firmness." (R&R 12 PgID 424.) Hull objects. Hull insists that there are genuine issues of material fact whether the guitar and related items were contraband. To the extent that Hull raises other objections on the issue of adverse action, all assume that the guitar and related items were not contraband and that the other actions of Defendants to which he refers in his objection were not proper because the guitar and related items were not contraband.

Hull's objection is OVERRULED. The guitar was confiscated and an administrative hearing was held to determine whether the confiscation was proper. Lewis identified a number of reasons for taking the guitar. To the extent that Hull has not undermined each reason, Lewis had a

9

nonretaliatory basis for confiscating the guitar and related items as contraband. It necessarily follows then that the guitar was contraband and the magistrate judge correctly concluded that no person of ordinary firmness would be deterred by the confiscation of contraband. This portion of the R&R is ADOPTED as the opinion of this Court.

### 4. Objection 4 - Causal Connection

"Plaintiff has not presented evidence sufficient to support a causal connection between his protected conduct and defendants' actions. No rational trier of fact, faced with plaintiff's obvious efforts to circumvent prison regulations through deception and forgery, could ever conclude that the officer's actions were motivated by retaliatory intent, rather than a good-faith effort to enforce necessary prison rules. Further, defendants have shown that they would have taken the same actions if plaintiff had not filed grievances." (R&R 13 PgID 425.) Hull objects. Hull argues that, as his earlier objections establish, there are genuine issues of fact that exists.

Hull's objection is OVERRULED. When Baker confiscated the guitar, Hull had not yet engaged in protected conduct. Lewis offered a number of reasons for her decision in the first administrative hearing. Lewis correctly concluded that if Hull did not possess a guitar, he had no reason to possess guitar accessories. Hull has not established that Minnerick's rejection of his grievance was for retaliatory purposes.

### 5. Objection 5 - Resolution of the Motion for Summary Judgment Prior to Discovery

The magistrate judge acknowledged that Hull had asked the Court to defer ruling on the pending motion so he might engage in discovery. Having deferred ruling on the motion for more than nine months, the magistrate judge noted that no discovery requests were pending and concluded that the motion was ready for decision. (R&R 2 PgID 414.) Hull objects. Hull states that

10

he was not informed that resolution of the motion was being delayed so that he could engage in discovery. Hull reasons that his status as a prisoner and a lay person makes discovery difficult.

Hull's objection is OVERRULED. Resolution of the motion was delayed for some time. Hull did not attempt any discovery during that delay. In his objections, Hull has not identified how additional information would alter the resolution of Defendants' motion.

## CONCLUSION

Although Hull has identified a few factual problems with the R&R, the correction of those factual errors does not alter the sound recommendation that Defendants' motion be granted and the remaining claims be dismissed.

## ORDER

For the reasons provided in the accompanying Opinion, the R&R (ECF No. 36) is **ADOPTED IN PART, MODIFIED IN PART, AND REJECTED IN PART.** The modifications and rejections do not alter the soundness of the magistrate judge's recommendation. Defendants' motion for summary judgment (ECF No. 17) is **GRANTED.** The remaining claims against Defendants are **DISMISSED WITH PREJUDICE. IT IS SO ORDERED.**


Date: April 29, 2013                         /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             Chief United States District Judge